# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL BROUGHTON, | 1:08-cv-00283-AWI-SMS-PC |
|     Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR REMAND |
| v. | (Doc. 5.) |
| JAMES YATES, et al., | |
|     Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.   RELEVANT PROCEDURAL HISTORY**

Kendall Broughton ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in the Fresno County Superior Court on November 7, 2007 (Case No. 07-CE-CG-03750-AMC). The action was removed to federal court by defendants Yates and Igbinosa and received at this court on February 26, 2008. (Doc. 1.) On May 14, 2008, plaintiff filed a request for the court to remand this action to the Fresno Superior Court. (Doc. 5.) Defendants have not filed an opposition.

**II.   REMOVAL**

Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936).

The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, (1913); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir.1976); La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 346 (3d Cir.1974), cert. denied, 421 U.S. 937 (1975).  However, under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### III.   DISCUSSION

Plaintiff argues that this action should be remanded to the Fresno Superior Court in the interest of judicial economy because the case had already been placed on a case management schedule at the superior court when defendants removed the case.  Although plaintiff's original complaint was primarily couched as claims under California state tort law, plaintiff also alleged that defendants violated his rights under the 8th Amendment to the United States Constitution when they caused him to be exposed Valley Fever and then refused to transfer him to a safe prison.[1]  As such, plaintiff's complaint plainly states that this action arose, in part, under the 8th Amendment to the United States Constitution.  Because federal courts have original jurisdiction over all civil actions arising under the Constitution, the court finds that the federal court has jurisdiction over plaintiff's complaint and removal was proper.  As for plaintiff's argument that the case should be remanded in the interest of judicial economy, this argument is not a sufficient reason to remand the case.  As stated above, removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of plaintiff's complaint.  Gully, 299 U.S. at 112.  Accordingly, plaintiff's request for remand should be denied.

### IV.   RECOMMENDATION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's request for remand be DENIED.

---

[1] See Complaint at p. 4-6.

1   These findings and recommendation are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
3   thirty days after being served with these findings and recommendation, plaintiff may file written
4   objections with the court.  Such a document should be captioned "Objections to Magistrate
5   Judge's Findings and Recommendation."  The parties are advised that failure to file objections
6   within the specified time may waive the right to appeal the District Court's order.  Martinez v.
7   Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  IT IS SO ORDERED.

11  **Dated:   February 17, 2009**              /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE