# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL BROUGHTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00283-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 11)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

## I.   Procedural History

Plaintiff Kendall Broughton is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed at Corcoran State Prison. The original complaint arose out of Plaintiff's exposure to Valley Fever which he contracted while housed at Pleasant Valley State Prison (Pleasant Valley).

Plaintiff initially filed this action in Fresno County Superior Court on November 7, 2007. On February 26, 2008, the case was removed to this Court by Defendants Yates and Igbinosa. 28 U.S.C § 1441(a). Plaintiff filed a response to Defendants' notice of removal on March 14, 2008, requesting the Court remand the action. The Court issued an order denying Plaintiff's request for remand on April 17, 2009. On October 23, 2009, the Court issued an order dismissing the original complaint for failure to state a claim upon which relief may be granted and allowed Plaintiff thirty days to amend. Plaintiff filed an application for extension of time which was granted on December 10, 2009. A first amended complaint was filed on January 15, 2010.

1

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915A(b).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## III. Discussion

### A. Amended Complaint

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The first amended complaint does not allege claims against either defendant named in the original complaint, effectively waiving those prior claims. The first amended complaint alleges that Matthew Cate,[1] Secretary of the California Department of Corrections and Rehabilitation, was responsible for sending Plaintiff to Pleasant Valley despite knowing that there was a high infection rate from Valley Fever. While incarcerated at Pleasant Valley, Plaintiff contracted Valley Fever. Therefore, Defendant Cate is allegedly responsible for exposing Plaintiff to Valley Fever. (Doc. 11, Amend. Comp., § 2.)

### B.   Failure to State a Claim

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S. Ct. at 1949-50; Moss, 572 F.3d at 969.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment

---

[1] Misspelled as Mattew Cate in the first amended complaint.

3

violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Here, Plaintiff has alleged that Defendant Cate, knowing of the incidence of Valley Fever at the facility, sent Plaintiff to Pleasant Valley, causing him to contract the disease. The allegation that there is a risk of contracting Valley Fever if confined at Pleasant Valley and that Plaintiff contracted it are insufficient to state a claim for a violation of the Eighth Amendment. To show a violation of the amendment the prison official must have acted with "deliberate indifference" to the inmate's health or safety. Farmer, 511 U.S. at 834. Deliberate indifference is more than negligence, instead requiring a reckless disregard of the risk. Id. at 835-36. As stated in the order dismissing the complaint for failure to state a claim, filed on October 23, 2009, "[e]xposure to, and contraction of Valley Fever, without more, has not been found to rise to the level of a cognizable constitutional violation." (Doc. 8 at 5.) Plaintiff has failed to show how Defendant knew of or acted with deliberate indifference to the risk and has therefore failed to state a cognizable violation of his constitutional rights.

**IV.   Conclusion**

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of

being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 25, 2010**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE